

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

March 15, 1939

Honorable Leo C. Haynes
Secretary, Board of Regents
University of Texas
Austin, Texas

Dear Mr. Haynes:

Opinion No. 0-493
Re: Correct procedure in for-
feiting mineral leases on
University lands

This is in reply to your letter of February
28, 1939, in which you request an opinion as to the
correct procedure to be followed by the Board for Lease
of University Lands in forfeiting oil and gas leases on
University lands for failure to pay rentals or to drill,
as provided in said leases.

You enclosed in your letter a form of oil and
gas lease designated Form No. 4, paragraph 11 of which
provides as follows:

"If lessee shall fail or refuse to make
the payment of any sum due by the provisions of
this lease either as rental or royalty on the
production within 30 days after same shall be-
come due . . . this lease shall be subject to
forfeiture by the Board by an order entered
upon the Minutes of the Board reciting the facts
constituting the default and declaring the for-
feiture."

This provision in the lease conforms to the
provision contained in Section 13 of Acts 1929, 41st
Legislature p. 616, Ch. 282.

Art. 2603a,
§ 13

1929?

Hon. Leo C. Haynes, March 15, 1939, Page 2

The form of lease under consideration is an "or" as distinguished from an "unless" lease. In the character of lease under consideration, the covenant to pay annual rentals in lieu of drilling is an obligation on the part of the lessee, which can only be avoided by the lessee having a timely instrument of relinquishment recorded in the county or counties in which the area under lease may be situated, and also filing such instrument of relinquishment in the Land Office accompanied by $1.00 for each area assigned as provided in Section 10, Acts 1929, 41st Legislature p. 660, Chap. 282, as amended in 1931 and 1937.

Upon the failure of the lessee for a period of 30 days, either to pay the annual rentals provided for or to relinquish the lease as set forth in section 10 of the Act, a binding obligation is created against the lessee and in favor of the lessor in the amount of the annual rental stipulated by the lease. Upon such failure the lessor has the option either to continue said lease in effect and to demand full payment of the rentals provided for in the lease, or to cancel and forfeit the lease for non-payment of rentals. In the event the lessor elects to cancel and forfeit the lease, such forfeiture may be made by: (1) a suit instituted by the Attorney General for that purpose or (2) such forfeiture may be made by the Board for Lease of University Lands by an order entered upon the Minutes of the Board "reciting the facts constituting the default and declaring the forfeiture."

In our opinion the statute in question and also the provision of the lease in question require that the order of forfeiture be a specific order reciting specific facts such as failure to pay rentals in a certain amount, which had become due upon a certain date, and describing the parties to the lease, the date of the lease, and the land covered by the lease, together with such other relevant facts as will serve to identify beyond question the lease which is being forfeited and the reasons therefor. Although we do not believe that a separate order for each lease forfeited is absolutely necessary, yet, in our opinion, it would be wise for a separate order to be entered covering each lease.

We shall, of course, be glad to cooperate with



the Board and their representatives and with the
Commissioner of the General Land Office in preparing
a proper form of order to be used by the Board in
forfeiting the leases.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Robert E. Kepke*

Robert E. Kepke
Assistant

REK:BT

APPROVED:

ATTORNEY GENERAL OF TEXAS